## MATTER OF NIMMONS

### In Section 215 Proceedings

### A-14418456

*Decided by Regional Commissioner April 12, 1966*

The departure of a permanent resident alien who seeks to abandon her residence here and return to her native country will not be prevented since it has not been established under the provisions of 22 CFR 46.3(g) that she is "needed" in a criminal proceeding in a court in the United States when she is not the subject of such proceedings, it has been determined the Government does not intend to present her therein as a witness, and it is not known whether she will be used as a witness by the defendant.

This matter is before the Regional Commissioner under the authority contained in 22 CFR 46.5(d) for final decision on the special inquiry officer's order of March 26, 1966, recommending that the alien not be prevented from departing from the United States of her own volition and at her own expense.

The applicant is a married German citizen, born September 13, 1947, at Magdeburg, Germany. Her husband is a United States citizen serving with the armed forces in Vietnam. The alien was admitted to the United States for permanent residence on September 26, 1965. She now wishes to abandon her residence in this country and return to her parents' home in Germany, where her infant son is also residing. She has stated that her mother, who has been caring for the child, is ill and must undergo surgery; that she is fearful she may lose custody of her son if she is not there to look after him.

Under the provisions of 22 CFR 46.3(g), the departure of an alien who is needed in the United States as a witness in, or as a party to, any criminal case under investigation or pending in a court in the United States shall be deemed prejudicial to the interests of the United States and may be temporarily prevented. The applicant herein was served with a notice of temporary prevention of departure on March 4, 1966, on the basis of representations by the United States Attorney's office for the District of Connecticut that her pres-

ence is required in a criminal case presently pending in the United States District Court for the District of Massachusetts.

Subsequent to the service on the alien of the written notice temporarily preventing her departure, the office of the United States Attorney for the District of Massachusetts in a letter dated March 14, 1966 to the United States Attorney at Hartford stated, in part, as follows:

Although this office does not intend to present Mrs. Nimmons as a witness on behalf of the Government, we believe that since the second count of the indictment recites a capital offense, all efforts should be expended to have her available at the time of trial. At the present time we have no way of knowing whether the defendant will use this witness in his behalf.

A hearing in this matter was conducted before a special inquiry officer in accordance with the provisions of 22 CFR 46.5. In his decision, the special inquiry officer has indicated that there are no deportation proceedings presently pending against the applicant and, on the basis of the record, there appears to be no charge on which she might be found deportable. He has further noted that the alien is not the subject of criminal proceedings but may possibly be used therein as a witness. In this connection, the special inquiry officer has called attention to the fact that the departure of an alien can be temporarily prevented when such alien is "*needed*" in the United States as a witness in, or as a party to, any criminal case under investigation or pending in a court in the United States . . ." (Emphasis supplied.) The special inquiry officer has determined that the applicant wishes to depart and live permanently with her parents and child in Germany; that she has sufficient funds to defray the cost of her passage; that it has not been established she is "needed" as a witness in a criminal case; that she should not be deprived of her right to return to her native land on the basis of mere conjecture that she might be called as witness for the defendant in a pending criminal prosecution.

The record in this matter has been carefully reviewed in the light of the special inquiry officer's findings of fact and conclusions of law. We concur in his recommended order that the applicant should not be prevented from departing from the United States of her own volition and at her own expense. Accordingly, the following order will be entered.

ORDER: It is ordered that the notice of temporary prevention of departure dated March 4, 1966, be and the same is hereby canceled.